PARKER *v.* SEVERN

STIPULATIONS—SETTLEMENT—CONSENT.
    Plaintiff was properly found, on the hearing of a motion for
    a new trial, to have consented to a settlement where the
    record reveals that plaintiff had affirmatively assented, on
    the record, to the settlement and that, at the hearing on his
    new trial motion, plaintiff reaffirmed the fact that he had
    affirmatively assented to the settlement.

Appeal from Huron, Arthur M. Bach, J. Submitted Division 2 November 10, 1971, at Lansing. (Docket No. 10401.) Decided November 26, 1971. Leave to appeal applied for.

Complaint by Mervin Parker against Herbert Severn and Illa J. Severn for specific performance of an agreement settling their interests in a joint venture. Judgment entered on a settlement between the parties. Plaintiff appeals. Affirmed.

*Mervin Parker, in propria persona.*

*T. George Sternberg,* for defendants.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. This action arose as a result of a dispute between the parties over the validity and

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Compromise and Settlement § 6 *et seq.*

interpretation of a written agreement settling the interests of the respective parties in a joint venture.

In the course of the proceedings below, a conference between the parties was held and terms of settlement were agreed upon. The settlement was subsequently submitted for the approval of the court, and judgment in accordance with its terms was entered on May 11, 1970. Plaintiff moved shortly thereafter for a new trial; the trial court denied the motion on August 14, 1970. Plaintiff appeals.

Plaintiff first contends that the trial court improperly forced a settlement thereby denying him his day in court. The record reveals no instance of improper participation by the trial court. In fact, plaintiff specifically stated at the hearing on the motion for a new trial that the judge did not ask him to settle out of court. Plaintiff's contention, lacking evidentiary support, is without merit.

Plaintiff, appearing *in propria persona* in this appeal, alleges that his trial attorney acted without his authority and contrary to his intention in effecting settlement and that his attorney at the hearing on the motion for new trial did not adequately represent him. If plaintiff's allegations have substance, they are more properly considered through independent procedures.

The granting or denial of a motion for new trial rests largely within the discretion of the trial court; this Court will not reverse the trial court except for abuse of discretion. *Hoven* v. *Hoven* (1967), 9 Mich App 168; *Goodman* v. *Stafford* (1969), 20 Mich App 631. At the hearing on the motion for new trial, the judge determined that plaintiff had consented to the settlement arrived at in the trial court. Subsequent to a discussion of the terms of the settlement at trial,

the following colloquy between plaintiff and the court occurred:

*"The Court:* If this case is stipulated out, the court had a means of carrying out and effectuating the stipulation that is entered into. Mr. Parker, you have heard the proposed settlement of this matter, is that agreeable to you?

*"Mr. Parker:* Yes, your Honor."

At the hearing on the motion for new trial, plaintiff reaffirmed the fact that he had answered the court's inquiry in the affirmative. Plaintiff's statements provide ample support for the conclusion of the trial court that plaintiff consented to the terms of the settlement.

The trial court did not abuse its discretion in denying plaintiff's motion for a new trial.

Affirmed. Costs to appellees.