GRAND RAPIDS GROWERS, INC v OLD KENT BANK & TRUST
COMPANY

Docket No. 44844. Submitted March 6, 1980, at Grand Rapids.—
Decided July 24, 1980. Leave to appeal applied for.

Grand Rapids Growers, Inc., and Midwest Farm Supply, Inc.,
brought an action against the Old Kent Bank and Trust Com-
pany in the Kent Circuit Court. Subsequently, officers of the
corporations appeared in open court and agreed to a settlement
and the court entered judgment in conformity with the settle-
ment. Plaintiffs, through new counsel, brought a motion to set
aside the judgment under GCR 1963, 528.3, alleging that they
were coerced by their attorney to settle the lawsuit. The court,
Roman J. Snow, J., denied the motion. Plaintiffs appealed. The
appeal was dismissed. The Supreme Court vacated the order of
dismissal and remanded the case to the Court of Appeals for
plenary considerations. 406 Mich 907 (1979). *Held:*

A settlement obtained in open court through coercion of a
party by his attorney will not be set aside absent a showing
that the other party participated in the coercion. Relief from
judgments upon grounds of fraud is limited to those instances
where some material fact is concealed from the court or where
some material misrepresentation is made to the court. Since
neither situation is the case and since there is no allegation
that defendant participated in or even knew of any alleged
coercion, the trial court properly denied the motion.

Affirmed.

1. Compromise and Settlement — Judgments — Setting Aside
   Judgments — Coercion by Attorney.

   A settlement obtained in open court through coercion of a party
   by his attorney will not be set aside absent a showing that the
   other party participated in the coercion.

References for Points in Headnotes

[1] 15A Am Jur 2d, Compromise and Settlement § 31.
   46 Am Jur 2d, Judgments § 825.
[2] 46 Am Jur 2d, Judgments § 825.

2. Jᴜᴅɢᴍᴇɴᴛs — Rᴇʟɪᴇғ ғʀᴏᴍ Jᴜᴅɢᴍᴇɴᴛs — Fʀᴀᴜᴅ — Cᴏᴜʀᴛ Rᴜʟᴇs.
   Relief from judgments upon grounds of fraud is limited to those instances where some material fact is concealed from the court or where some material misrepresentation is made to the court.

*Cicinelli, Mossner, Majoros & Alexander, P.C.,* for plaintiffs on appeal.

*Smith Bovill, P.C.* (by *Albert A. Smith*), for plaintiffs on appeal.

*Warner, Norcross & Judd* (by *Thomas J. McNamara* and *Peter J. Gustafson*), for defendant.

Before: Aʟʟᴇɴ, P.J., and M. F. Cᴀᴠᴀɴᴀɢʜ and C. W. Sɪᴍᴏɴ, Jʀ.,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Over two years after plaintiffs had instituted this action, the parties reached a settlement in open court. On the day of the settlement a stipulation and order of dismissal were signed by the parties and the trial judge. Three weeks later, plaintiffs, represented by new counsel, petitioned the trial court to set aside the stipulation and order of dismissal for the alleged reason that their attorney had compelled them to settle through coercion and duress. After two hearings on the matter in the trial court, plaintiffs' motion was denied. Plaintiffs then claimed an appeal in this Court, which was dismissed, but the Supreme Court vacated the order of dismissal of this Court and remanded the matter to us for plenary consideration.

The question presented for our determination is whether or not the trial court abused its discretion by denying plaintiffs' motion for relief under GCR 1963, 528.3. We find that it did not. The trial court specifically found that when one of the plaintiffs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

testified in open court concerning the settlement, he was acting voluntarily and not because of coercion or duress. Nevertheless, even if a contrary finding had been made that plaintiff was expressing assent to an agreement due to coercion or duress, there would be no cause to overturn the settlement where there was no showing that the defendant participated in, or even knew of the alleged coercion. In this case there has been no contention that defendant was in any way related to the allegedly improper behavior of plaintiffs' attorney. See *Musial v Yatzik,* 329 Mich 379, 383; 45 NW2d 329 (1951).

Plaintiffs' arguments place major reliance upon the case of *Briggs v Withey,* 24 Mich 136 (1871). That case, plaintiffs declare, establishes the rule that if a party agrees to a settlement under duress practiced on him by his attorney, such settlement will be set aside by the Court as unconscionable. A reading of the case does not furnish such a rule. Without restating the extensive and unusual details therein, suffice it to say that there was a concert of action found between opposing attorneys in *Briggs* to extort a settlement from a party facing civil and criminal charges arising out of adultery. The Supreme Court in *Briggs* did not set aside the agreement *in toto;* rather, it reduced the figure of the settlement by the amount which the Court determined the opposing attorney had gained from the transaction. The present case, thus, cannot be compared very well to *Briggs.*

Nor are we convinced that a fraud was perpetrated upon the trial court by plaintiffs' attorney. Relief from judgments upon grounds of fraud has been limited to those instances when "* * * some material fact is concealed from that court or when some material misrepresentation is made to that

court". *Banner v Banner,* 45 Mich App 148, 154; 206 NW2d 234 (1973). We do not find the present case to be such an instance. *Parker v Severn,* 37 Mich App 231, 232-233; 194 NW2d 432 (1971), *lv den* 388 Mich 778 (1972). Rather, we find that plaintiffs should be held to the settlement agreed to in open court and on the record, *Kruger v Martin,* 96 Mich App 660; 293 NW2d 667 (1980), and that the ruling of the lower court be affirmed. *Kirn v Ioor,* 266 Mich 335, 338; 253 NW 318 (1934). Costs to appellee.