■ JOANNA CARDEA, Respondent, v RONALD P. CARDEA, SR., Appellant. — Order of the Supreme Court, Nassau County (Christ, J.), entered April 9, 1982, affirmed, with $50 costs and disbursements. (See *Matter of Lincoln v Lincoln,* 24 NY2d 270.) Lazer, J. P., Mangano, Bracken and Rubin, JJ., concur.

■ JACK COHEN, Appellant, v HARRY H. LIPSIG, Respondent, et al., Defendant. — In an action, *inter alia,* to recover damages for legal malpractice, plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated June 10, 1981, which granted the motion of defendant Harry H. Lipsig for summary judgment, and thereupon directed a severance and dismissed the complaint against him. Order reversed, with $50 costs and disbursements, and motion denied. The examination before trial of respondent shall continue at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties agree. A cause of action for legal malpractice is viable despite the plaintiff's settlement of the underlying action where such settlement was compelled because of the mistakes of the defendant, the plaintiff's former counsel (see *Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, 732, affg 59 AD2d 551 on concurring opn of Suozzi, J.; *Becker v Julien, Blitz & Schlesinger,* 95 Misc 2d 64, 66-67, mod on other grounds 66 AD2d 674). There are issues of fact, including, *inter alia,* (1) whether the outside trial counsel retained by respondent was negligent in the preparation and conduct of the trial as to the presentation of proof of special damages and other matters, (2) whether plaintiff gave informed consent to respondent's choice of outside trial counsel, (3) whether respondent used reasonable care in his choice of such trial counsel, (4) whether respondent was negligent in failing to procure records of plaintiff's special damages during the 12 years prior to retainer of trial counsel, and (5) whether respondent should be estopped from denying derivative liability for the alleged negligence of the trial counsel chosen by him (cf. *Wildermann v Wachtell,* 149 Misc 623, affd 241 App Div 812). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.