**Lon E. NOVACK, Plaintiff-Appellant,**

**v.**

**Norman DREY, M.D., Robert Mendelsohn, M.D., Jerome Gilden, M.D., Defendants-Respondents.**

No. 46960.

Missouri Court of Appeals,
Eastern District,
Division One.

March 27, 1984.

Gary E. Peel, Edwardsville, Ill., for plaintiff-appellant.

Gary P. Paul, Clayton, for defendant-respondent Gilden.

Joel D. Monson and Stuart M. Haw, St. Louis, for defendants-respondents Drey and Mendelsohn.

SNYDER, Judge.

This is an appeal by the plaintiff from an order granting defendants' motion to enforce a settlement agreement and entering judgment for $32,500 in favor of the plaintiff in a medical malpractice action. The judgment is affirmed.

Appellant Lon E. Novack brought an action against Doctors Norman W. Drey, Robert S. Mendelsohn, A. Davidson and Jerome Gilden, and against Steven Teitelbaum and Jewish Hospital of St. Louis alleging medical malpractice in failing to diagnose Novack's cancerous condition.

When the case was assigned out for trial, settlement negotiations took place which resulted in a settlement agreement in the sum of $32,500. The agreement was signed by the appellant, but he later sought to repudiate it.

After a hearing, the trial court denied appellant's motion to set aside the order passing the cause for settlement and entered judgment in favor of appellant for the agreed amount of $32,500.

The trial court also granted respondent's motion to enforce the settlement.

Appellant contends the trial judge erred in failing to recuse himself because he made a statement for the record during the hearing on appellant's motion to set aside the order passing the cause for settlement. The point is denied.

Appellant did not request the trial judge to disqualify himself at the time of the hearing. In the absence of a request by appellant in the court below, appellant may not successfully argue on appeal that the trial judge should have disqualified himself. See *State v. Faber*, 499 S.W.2d 790, 793[7] (Mo.1973).

Appellant also insists the order enforcing the settlement was against the weight of the evidence adduced at the hearing on the motion. This point is also ruled against appellant. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

Appellant alleged that he signed the settlement under duress but there was no evidence that respondents participated in or knew of the alleged duress imposed by Novack's counsel. See *Grand Rapids Growers, Inc. v. Old Kent Bank and Trust Company*, 99 Mich.App. 128, 297 N.W.2d 633, 634[1] (1980).

An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

KELLY, P.J., and STEWART, J., concur.