**Lon NOVACK, Appellant,**

v.

**Leo M. NEWMAN and Mark I. Bronson, Respondents.**

**No. 50277.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer Denied Dec. 10, 1985.

Case Transferred to Supreme Court Jan. 15, 1986.

Case Retransferred to Court of Appeals May 22, 1986.

Original Opinion Reinstated May 23, 1986.

Wolff & Mass, Laurence D. Mass, Clayton, for appellant.

Brown, James & Rabbitt, Michael M. Flavin, Robert L. Carter, St. Louis, for respondents.

CRANDALL, Presiding Judge.

This is an appeal by plaintiff, Lon Novack, from the grant of the motion of defendants, Leo M. Newman and Mark I. Bronson (attorneys), for summary judgment in a civil action for damages based upon legal malpractice. We reverse and remand.

This legal malpractice action arose as a result of an earlier medical malpractice case. Plaintiff retained defendants as his attorneys to represent him in a medical malpractice action based upon his physicians' failure to properly diagnose his cancerous condition. Suit was filed and in due course came to trial. Before the trial started, plaintiff settled with the physicians for $32,500. Plaintiff subsequently filed a motion to set aside the settlement alleging, *inter alia*, that he had settled the case because his attorneys provided him with misinformation and coerced him into the settlement.

An evidentiary hearing was held on plaintiff's motion to set aside the settlement. The trial court denied the motion without findings of fact or conclusions of law. On appeal the denial of plaintiff's motion was affirmed. *Novack v. Drey*, 668 S.W.2d 259 (Mo.App.1984).

Thereafter, plaintiff brought this action against his attorneys for legal malpractice, alleging that their negligence in handling the medical malpractice action caused him to enter into the settlement. Attorneys filed their motion for summary judgment invoking the collateral estoppel effects of the *Novack v. Drey* decision as a bar to the legal malpractice action. The trial court sustained their motion and entered judgment in their favor. Plaintiff appeals from that judgment.

On appeal the narrow issue is whether attorneys have shown by unassailable proof that they are entitled to summary judgment as a matter of law. Rule 74.-04(h). The adequacy of plaintiff's pleadings and the actual merits of plaintiff's action are not before this court.

Preliminarily, we examine the present status of collateral estoppel in Missouri. Collateral estoppel, or issue preclusion, provides that a fact judicially determined in one action may not be litigated again in another action involving other different issues. *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. banc 1984). The test for determining whether the application of collateral estoppel is appropriate is: (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Dehner v. City of St. Louis*, 688 S.W.2d 15, 17 (Mo.App.1985). Specific findings are not required to have the effect of precluding new litigation on an issue. "A finding which is implicit in a judgment can also have this effect." *Id.*

We now consider whether the application of the doctrine of collateral estoppel is appropriate in this case. The factual determination that attorneys induced plaintiff to settle the underlying medical malpractice case by means of duress and misinformation is an indispensable element of the present legal malpractice action. Attorneys argue that the issue of the voluntariness of plaintiff's settlement was adjudicated adversely to plaintiff when his motion to set aside the settlement was denied. They contend that plaintiff is now precluded from collaterally attacking that settlement in his legal malpractice action. In that posture attorneys are using collateral estoppel defensively in that they are attempting to prevent plaintiff from relitigating a fact necessary to carry his burden of proof.

In support of their position, attorneys rely heavily on *State ex rel. O'Blennis v. Adolf and Nicholls*, 691 S.W.2d 498 (Mo. App.1985). In *O'Blennis* this court made its preliminary writ of prohibition absolute and prohibited the trial court from further proceedings in an underlying action for legal malpractice.

Charles Poole was charged with assault with intent to kill. He was tried before a jury, convicted and sentenced to imprisonment for twenty years. That conviction was affirmed on appeal. *State v. Poole*, 556 S.W.2d 493 (Mo.App.1977). Robert O'Blennis was Poole's attorney throughout the trial, sentencing and appeal. Thereafter Poole filed a Rule 27.26 motion alleging ineffective assistance of counsel. The trial court denied relief on the motion. We reversed and remanded for further proceedings. *Poole v. State*, 671 S.W.2d 787 (Mo.App.1983). Poole then brought a suit against O'Blennis for legal malpractice.

While Poole's civil action against the attorney was pending, he pleaded guilty to the original criminal charge. At the guilty-plea hearing, Poole, on the record and under oath, admitted his guilt after extensive questioning by the trial judge relating to the voluntariness of his plea and his understanding of his rights. Pursuant to a plea bargain he was sentenced to seven years' imprisonment. Since he had already served more than seven years, he was released from custody. Poole was represented by an attorney other than O'Blennis in that proceeding.

O'Blennis then filed a motion for summary judgment in the malpractice action based upon Poole's plea of guilty. In response to that motion Poole filed an affidavit denying that he was guilty and stating that he, in effect, had lied at the guilty-plea hearing in order to take advantage of the plea bargain. The trial court denied the motion for summary judgment. O'Blennis then filed a petition for writ of prohibition in this court.

Our basis for making the preliminary writ of prohibition absolute in *O'Blennis* was two-fold. First, this court reasoned that Poole's factual innocence of the crime charged was in indispensable element of his legal malpractice action.[1] The court stated: "Poole's guilty plea precludes him from denying his guilt of the assault charge. That plea decided the same issue of fact present in his malpractice case; it resulted in a judgment on the merits; Poole is a party to both cases; he had a full and fair opportunity to litigate his guilt or innocence." *O'Blennis*, 691 S.W.2d at 503. *See also Garcia v. Ray*, 556 S.W.2d 870 (Tex.Civ.App.1977).

Secondly, this court stated: "[I]t is against public policy for the suit to continue in that it 'would indeed shock the public conscience, engender disrespect for courts and generally discredit the administration of justice.'" *O'Blennis*, 691 S.W.2d at 504 (citing *In re Estate of Laspy*, 409 S.W.2d 725 (Mo.App.1966)).

As in *O'Blennis*, we must ascertain whether the prior action determined the same issue of fact which plaintiff now seeks to litigate. We recognize that, if plaintiff voluntarily settled his previous medical malpractice action and that settlement was not compelled by the negligence of attorneys, he cannot now recover in his action for legal malpractice. The question then is whether that particular issue was decided in plaintiff's motion to set aside the settlement of his medical malpractice action. *Novack v. Drey*, 668 S.W.2d 259.

In that action plaintiff alleged that he signed the settlement as a result of duress and misinformation on the part of his attorneys and testified to that effect at the hearing on his motion to set aside the settlement. This court held that there was no evidence that the *defendant-physicians* "participated in or knew of the alleged duress imposed by Novack's counsel." *Id.* at 260. This court refused to set aside the settlement only as between plaintiff and defendant-physicians. The question of his attorneys' negligence, which allegedly induced plaintiff to settle, was not determined by this court.

In contrast to *O'Blennis*, the prior adjudication "did not decide the same issue of fact present" in plaintiff's subsequent legal malpractice action. In *O'Blennis* plaintiff's innocence, an essential element of his legal malpractice action, was determined in the previous action. Here, the issue of attorneys' coercive conduct, an indispensable element of the present legal malpractice case, was not determined in the prior litigation. Therefore, the first part of the four-pronged test for collateral estoppel, which requires identity of issues, is not met. Plaintiff is not barred, as a matter of law, from bringing his action for legal malpractice based upon the doctrine of collateral estoppel.[2] Attorneys' first point is denied.

■ Attorneys' second argument is premised on lack of causation. They contend that plaintiff's present action against them is barred because plaintiff has failed to establish that their negligence proximately resulted in his claimed injury, which is loss of a jury trial. They reason that since plaintiff's settlement of the medical malpractice case was voluntary and not

---

1. Poole charged O'Blennis with malpractice because of his failure to properly prepare Poole's defenses of misidentification and alibi. As an element of his case against O'Blennis, Poole had the burden of establishing that he actually had the defenses of misidentification and alibi. Obviously, if he committed the crime, he did not validly have such defenses. *O'Blennis*, 691 S.W.2d at 501.

2. The following cases did not bar a subsequent legal malpractice action which arose as a result of the attorney's handling of a prior action: *Becker v. Julien, Blitz and Schlesinger*, 95 Misc.2d 64, 406 N.Y.S.2d 412 (1977) (settlement agreement in contract action); *Helmbrecht v. St. Paul Ins. Co.*, 117 Wis.2d 74, 343 N.W.2d 132 (App.1983) (divorce action); *Cohen v. Lipsig*, 92 A.D.2d 536, 459 N.Y.S.2d 98 (1983) (settlement of an unspecified action); *Titsworth v. Mondo*, 95 Misc.2d 233, 407 N.Y.S.2d 793 (1978) (settlement of personal injury case); *Rodriguez v. Horton*, 95 N.M. 356, 622 P.2d 261 (App.1980) (settlement of Workmen's Compensation case); *Swann v. Waldman*, 465 A.2d 844 (D.C.App. 1983) (settlement of medical malpractice action).

coerced, the settlement is a superceding, intervening cause of his injury. The legal malpractice action, therefore, is fatally deficient as a matter of law for want of the indispensable element of proximate cause. *See Lange v. Marshall,* 622 S.W.2d 237 (Mo.App.1981).

As previously stated, the hearing on the motion to set aside the settlement in the prior medical malpractice action did not determine the issue of attorneys' negligence. Nor did it determine the voluntariness of the settlement as between plaintiff and attorneys. Further, there is no evidence on the record to suggest that, had his attorneys' handling of the prior action not induced him to settle, plaintiff would not have had his day in court. Attorneys' second point is denied.

The judgment of the trial court is reversed and the cause is remanded for trial.

KELLY and PUDLOWSKI, JJ., concur.