Estle **COOK** and Loretta Cook, Appellants,

v.

**BATES COUNTY MUTUAL INSURANCE COMPANY,** Respondent.

No. WD 38758.

Missouri Court of Appeals, Western District.

Aug. 18, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1987.

L.R. Magee, Kansas City, for appellants.

William J. Cason, Michael X. Edgett, Fred R. Bunch, James C. Johns, Hurley D. Mahan, Clinton, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

PRITCHARD, Judge.

By its verdict, a jury found against appellants' claim for lightning damage to a chimney on their farm home under a policy issued by respondent. Respondent is a county mutual company governed by Chapter 380 RSMo. 1978. By § 380.150 therein persons owning property in the county and becoming insureds thereon shall be taken as members of the company, and by § 380.170, each becomes liable as a member for the proportion of losses happening or accruing in and to the company. This chapter was recodified in new statutes, § 380.011 et seq., effective January 1, 1985, to be known as Missouri Mutual Companies.

■ Appellants' second point, which is considered first, is that the trial court erred in not striking from the panel those venirepersons who were insured by respondent company. The record shows that these venirepersons stated that they were insured by Bates County Mutual: Taute; Dawes; Thornhill; Whitehead; Johnson; Jagels; O'Farrell; Smith; and Hoover. When asked, each of these persons answered to the effect that their being policyholders would not affect their ability to render a fair and impartial decision. No challenge for cause was made based upon these persons being policyholders in a county mutual insurance company and being, under the statute, liable for a proportionate part of any judgment rendered against it. Had appellants made objections and challenges, the trial court might have sustained it, *cf. Amos v. Altenthal,* 645 S.W.2d 220 (Mo. App.1983), and cases cited, but the trial court was never given that opportunity. Furthermore, the motion for new trial alleges that the jury panel failed to respond that they were insured by respondent, but the record does not bear that out. Here, the argument is that these insured venirepersons were disqualified as a matter of law to sit on the jury, which is a changed issue, never presented to the trial court, and which, therefore is not preserved for review. *Ohlendorf v. Feinstein,* 636 S.W.2d 687 (Mo.App.1982). This court is not convinced that manifest injustice resulted in that the insured venirepersons were disqualified as a matter of law, and therefore declines to review the matter as plain error. Point II is overruled.

■ In Point I, appellants contend that the trial judge should have recused himself because he was a member of respondent county mutual insurance company and was subject to assessment for its losses. In oral argument appellants' counsel dis-

claimed any remembrance of being advised by the trial judge that he was a policyholder prior to the hearing on the motion for new trial, which was on September 19, 1986. At that time, the trial judge stated, "Well, the reason I asked the question, Mr. Magee, is, and I think I've told you, I'm sure I told Mr. Murphy [appellants' former counsel, since deceased], and I think I've told you before the trial that I'm also insured by Bates County Mutual and I suppose I'm a shareholder of the Defendant, as well." On September 19, 1986, the trial court denied the motion for new trial.

Thereafter, on September 26, 1986, both appellants filed affidavits stating that on September 19, 1986, they learned for the first time that the trial judge was an insured of Bates County Mutual Insurance Company. On October 21, 1986, the trial judge James N. Bradley, Jr., filed an affidavit stating that after being assigned in the case, he informed Mr. Murphy who originally represented plaintiffs and who became deceased during the pendency of the action, of the fact that he held a policy of insurance with the defendant, and Mr. Murphy voiced no objection to his serving as judge of the case. And, prior to the commencement of the trial on August 26th, in chambers, he likewise informed Mr. L.R. Magee that he was a Bates County Mutual insured, and he had no objection to his serving as judge in the case. Judge Bradley further stated that if objection had been made by either attorney he would have disqualified himself from sitting in the case.

These affidavits filed long after the motion for new trial was overruled on September 19, 1986, relate to the trial judge's communication to counsel for appellants that he was insured with respondent County Mutual. It seems clear, from the judge's remarks during the hearing of the motion that both counsel were informed before trial of the fact that he was so insured, and the record does not show any lack of remembrance of that fact—at least it was not then expressed by counsel. According to the trial judge's affidavit, both counsel were specifically advised of the judge being a policyholder before trial, and

neither had any objection to his serving as judge in the case. No suggestion that the judge recuse himself was made, and under these circumstances, he cannot be convicted of error in failing to disqualify himself *sua sponte.* On this record the only conclusion that may be reached is that counsel were advised that the trial judge was insured with respondent, and no objection was made at the time or in the motion for new trial, thus the issue is not preserved for review. On the necessity of objection and request for relief being made in the trial court *see generally McPherson v. Bi-State Development Agency,* 702 S.W.2d 129 (Mo.App.1985); and Rule 84.13. *See also Novack v. Drey,* 668 S.W.2d 259, 260[1] (Mo.App.1984).

The affidavits of appellants that they, personally, had no knowledge that the trial judge was insured with respondent is irrelevant, because they are bound by the action or nonaction of their counsel who were in charge of the case. *Baughn v. Rapidways Truck Leasing Co.,* 698 S.W.2d 618, 620 (Mo.App.1985).

Appellants allude to Rule 2, Canon 3(C), relating to instances where a judge should disqualify himself. Subsection (2) thereof relates to a judge's personal financial interests, and the commentary thereunder, (c)(iii) refers to the proprietary interest of a policyholder in a mutual insurance company, which must require his disqualification only if the outcome of the proceeding could substantially affect the value of the interest. There is no showing in this record that the trial judge had a substantial interest in the outcome of the proceedings so as to require him to disqualify himself. It is sufficient to find that he did inform counsel that he was a policyholder and they failed to object. The judgment is affirmed.