■ CHRISTOPHER SCHAEFER et al., Respondents, v FRANK M. MANFREDI et al., Defendants, and JOSEPH C. BONDI, Appellant. —In an action to recover damages for legal malpractice, the defendant Bondi appeals from an order of the Supreme Court,

Suffolk County (Lama, J.), dated July 31, 1987, which denied his motion for summary judgment dismissing the complaint as against him.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly concluded that there exist material issues of fact with respect to the plaintiffs' claims of legal malpractice, thereby precluding the granting of summary judgment to the defendants (see, Cohen v Lipsig, 92 AD2d 536). Specifically, the plaintiffs have alleged without dispute, that the defendant Manfredi, who was the defendant Bondi's law partner at the time in question, assured them that certain medical coverage, as provided by workers' compensation, would be included as part of the settlement reached in the underlying negligence action. Nevertheless, certain previously approved coverage for surgery which had not yet been performed at the time of the settlement, was not specifically addressed in the settlement discussion and as a result, was subsequently disallowed by the carrier. We note that the record contains the defendant Manfredi's statement to the effect that (1) he was "under the impression" that the previously approved medical coverage would be provided, and (2) his admission that he was incorrect with regard to this assumption.

Significantly, this court has held that, "[a] cause of action for legal malpractice is viable despite the plaintiff's settlement of the underlying action where such settlement was compelled because of the mistakes of the defendant, the plaintiff's former counsel" (Cohen v Lipsig, supra, at 536). In light of the foregoing, and considering that the defendants have failed to dispute the plaintiffs' factual assertions with regard to the defendant Manfredi's promise that the medical coverage in question would be included as part of the settlement, the motion for summary judgment was properly denied. Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.