Clifford O. BARTON and Goldie Barton, Plaintiffs–Appellants,

v.

Al L. TIDLUND, Nile D. Griffiths, Jack Randall and Robert J. Keefe, d/b/a Randall, Keefe and Griffiths, Defendants–Respondents.

No. 58596.

Missouri Court of Appeals, Eastern District, Division One.

March 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 1991.

Application to Transfer Denied June 11, 1991.

James S. Collins, St. Louis, for plaintiffs-appellants.

Brent W. Baldwin, Bruce J. Weingart, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This is an appeal from the granting of a summary judgment motion in favor of defendants Al Tidlund (hereinafter Tidlund) and the law firm of Randall, Keefe and Griffiths in a legal malpractice action. The motion for summary judgment alleged that the plaintiffs' claim in legal malpractice, that their attorneys settled without authority their underlying personal injury claim associated with a car accident, had been litigated in a prior adjudication and was thus barred by the doctrine of collateral estoppel.

On July 13, 1979, Clifford and Goldie Barton (hereinafter Bartons) were involved in an automobile accident with Richard Snellson (hereinafter Snellson), plaintiffs and defendant respectively in the underly-ing lawsuit. The property damage to the Bartons' car was settled at $2,500 and it was paid to the Bartons by Snellson's insurance carrier on July 26, 1979.

The Bartons hired co-defendant Tidlund to represent them in their attempt to be compensated for their personal injuries resulting from the accident. Tidlund then engaged in negotiations with Gerald Hogg (hereinafter Hogg), an insurance adjuster for defendant Snellson's automobile liability carrier. Hogg and Tidlund negotiated from October of 1979 until July of 1984 in an attempt to settle the Bartons' personal injury claims, but they were unable to reach an agreement.

In July of 1984, Tidlund with Bartons' consent, asked co-defendant Nile Griffiths (hereinafter Griffiths), to be his co-counsel. After agreeing to this arrangement, Griffiths assumed negotiations with Hogg from July of 1984 until August 30, 1984. Hogg gradually increased his offers to settle and on August 30, 1984, he "concluded the matter" with Griffiths for $3,000.

The Bartons rejected the settling of their claims for $3,000 and proceeded with their lawsuit. In response, Snellson filed a motion to dismiss the Bartons' petition and to enforce the settlement agreement. A hearing to determine whether or not to enforce the settlement agreement was held on October 2, 1985. At the hearing, Mr. Barton testified that he never gave Tidlund or Griffiths authority to settle his claim for $3,000. Tidlund testified that he was never given authority by the Bartons to settle their claims for $3,000. Griffiths testified at the hearing that at the time he arranged to be co-counsel with Tidlund he did not receive any indication that there was authority to settle the claims for any amount.

After hearing all of the testimony, the trial court granted defendant Snellson's motion to enforce the settlement agreement and dismissed the Bartons' action. The Bartons appealed and this court affirmed the trial court's decision. *Barton v. Snellson*, 735 S.W.2d 160 (Mo.App.1987) (*Barton I*). The opinion addressed the very narrow issue in that case: "... whether the negotiations of Tidlund and Griffiths bound the Bartons, or, more spe-

cifically, whether Tidlund and Griffiths, as agents, had 'authority' to bind the Bartons, their principals, to the settlement as understood by Hogg." *Id.* at 162.

Having been required to accept the settlement of their personal injury claims for $3,000, the Bartons subsequently filed a legal malpractice suit alleging negligence against Tidlund and Griffiths for settling their claim without authority. Griffiths filed a motion for summary judgment on the ground that the claim in the legal malpractice suit was the same issue that had been litigated in the underlying suit enforcing the settlement agreement and was thus barred by the doctrine of collateral estoppel. The motion court sustained the motion for summary judgment finding that the doctrine of collateral estoppel bars the plaintiffs' claim. This appeal follows.

In this review, the parties against whom summary judgment was entered must be accorded every favorable intendment of the record. *Thompson v. Parker,* 608 S.W.2d 415, 416 (Mo. banc 1980).

We said in *Novack v. Newman,* 709 S.W.2d 116, 118 (Mo.App.1985) that collateral estoppel, or issue preclusion, provides that a fact judicially determined in one action may not be litigated again in another action involving different issues. The test for determining whether the application of collateral estoppel is appropriate is: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. In resolution of this matter we need only address the first prong of the test, i.e., whether the issue decided in *Barton I* is identical to the issue in this malpractice claim.

In *Barton I,* the court asserted that a settlement agreement reached in a pending case may be properly enforced by a motion to enforce the agreement filed in that litigation. Id. at 161. A motion to enforce a settlement agreement, in effect, adds to the pending action, a collateral action, seeking specific performance of the agreement. *Landmark Bk. v. First Nat. Bk. in Madison,* 738 S.W.2d 922, 923 (Mo. App.1987). So, the issue raised in *Barton I* was whether Tidlund and Griffiths, as agents, had "authority" to bind the Bartons, their principals, to the settlement as understood by Hogg.

As mentioned heretofore, our court in *Barton I* in determining what sort of authority the attorneys possessed concluded that they had apparent authority and such authority bound the Bartons to the agreement with a third party, Hogg, the employee of Snellson's insurance carrier.

In defining the various degrees of authority, our Supreme Court has made the general statement that unless expressly authorized, a counsel does not have the power to waive a substantial right of a client and the implied authority of an attorney is limited to waiver of procedural or remedial matters. *In re Link,* 713 S.W.2d 487, 496 (Mo. banc 1986). This court has held that an attorney can bind his client, upon sufficient proof, to a settlement on the basis of apparent authority. *Barton I,* at 162.

A review of the facts pertinent to the issue of authority at this time reveals Bartons' petition repeatedly alleges that Tidlund and Griffiths individually and jointly never had authority to settle the claim for $3,000. In addition, at the hearing on the motion to enforce the settlement, Tidlund and Griffiths both testified that the Bartons never gave them express authority to settle the case for $3,000 or for any amount. *Barton I,* at 161.

For the purpose of the motion to enforce the settlement agreement in *Barton I,* Judge Satz resolved that the trial court from the record could not have properly concluded Tidlund and Griffiths had either express or implied authority to bind the Bartons to a settlement agreement and held that the trial court concluded the attorneys had apparent authority to do so. *Barton I,* at 162.

In support of their positions, Tidlund and Griffiths contend the doctrine of collateral estoppel applies because the identical issue

was litigated and determined in the motion to enforce settlement hearing. That contention is without merit. The issue decided in *Barton I* was that Tidlund and Griffiths had apparent authority to settle the claim and bind their clients to the agreement with Hogg.

The issue as alleged in Bartons' malpractice petition is that the attorneys had no express or implied authority to waive their substantive right to pursue their claim in a law suit. This court said in *Barton I*, at 162, to determine the existence and scope of express and implied authority, the focus is primarily on the principal and agent. To determine the existence of apparent authority, the focus is on a third party. Apparent authority is created by the conduct of the principal which causes a third person reasonably to believe that another has the authority to act for the principal.

The latter issue was determined in *Barton I* and the former must be determined after a full hearing of the pertinent facts.

We conclude that the judgment of the trial court erred and we remand to be heard in conformity with this opinion.

KAROHL and GRIMM, JJ., concur.