■ MAUDE SUTHERLAND, Appellant, et al., Plaintiff, v EDWARD P. MILSTEIN et al., Respondents. [698 NYS2d 15] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about August 6, 1998, which granted defendants' motion for summary judgment dismissing plaintiffs' complaint, with costs, and granted defendants' motion for sanctions against plaintiffs and their attorney to the extent of directing plaintiffs' attorney to pay $1,000 to the Lawyers' Fund for Client Protection, unanimously affirmed, without costs.

Defendants' representation of plaintiffs in the underlying medical malpractice action ceased in 1987. Thereafter, in 1997, plaintiffs commenced the present action alleging legal malpractice in connection with the settlement of the medical malpractice action. To the extent that the present action is alleged on behalf of plaintiff Hester Sutherland, it is time-barred (*see*, CPLR 214 [6]). To the extent, however, that claims on behalf of plaintiff Maude Sutherland survive by reason of the infancy

toll (*see,* CPLR 208; *Rosado v Langsam Prop. Serv. Corp.,* 251 AD2d 258), they were properly dismissed since this Court has already determined, as a matter of fact, that plaintiff Hester Sutherland negotiated and controlled the terms of the settlement plaintiffs now find unfavorable (*see, Sutherland v City of New York,* 107 AD2d 568, *affd* 66 NY2d 800), and plaintiffs have, accordingly, failed to allege that it was by reason of defendants' negligence that they were forced into the settlement (*cf., Lattimore v Bergman,* 224 AD2d 497; *Cohen v Lipsig,* 92 AD2d 536). As for plaintiffs' fraud claim, plaintiff Hester Sutherland could not, as a matter of law, have reasonably relied upon the defendants' alleged statement that the City and all of the named hospital defendants in the prior action had only $2.7 million with which to settle the action, particularly since Justice Gammerman contemporaneously placed upon the record his estimation that a structured settlement would garner plaintiffs $8 million over the course of Maude Sutherland's life. We also affirm Justice Solomon's dismissal, *sub silentio,* of plaintiffs' amended complaint.

We agree with the IAS Court's conclusion that the maintenance of this action was entirely frivolous, and sanctions were thus appropriately imposed.

We have reviewed plaintiffs' remaining claims and find them unavailing. Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.